UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────

CHAD M. FREIN,

        Plaintiff,

    v.

ERIE COUNTY CRISIS SERVICES,

        Defendant.

23-CV-432-LJV
ORDER

───────────────────────────

───────────────────────────

CHAD M. FREIN,

        Plaintiff,

    v.

ORANGE COUNTY CALIFORNIA
SHERIFF DEPARTMENT,

        Defendant.

23-CV-435-LJV
ORDER

───────────────────────────

───────────────────────────

CHAD M. FREIN,

        Plaintiff,

    v.

LOS ANGELES CALIFORNIA POLICE
DEPARTMENT,

        Defendant.

23-CV-436-LJV
ORDER

───────────────────────────

Earlier this year, *pro se* litigant Chad M. Frein commenced eight actions in this District within two months and moved to proceed *in forma pauperis* ("IFP") in each. *See Frein v. Obama*, Case No. 23-cv-331, Docket Item 3 (W.D.N.Y. May 16, 2023). After reviewing the complaints, this Court dismissed those actions as "frivolous"[1] and warned Frein that it intended to "issue an injunction requiring [Frein] to obtain the Court's permission to commence further actions unless he pays the filing fee." *Id.* The Court gave Frein an opportunity to show cause why that injunction should not be issued, *id.*, and Frein responded to that order, *Frein v. Brown*, Case No. 23-cv-284, Docket Item 5 (W.D.N.Y. June 5, 2023); *Obama*, Case No. 23-cv-331, Docket Item 5 (W.D.N.Y. June 5, 2023); *id.*, Docket Item 6 (W.D.N.Y. June 6, 2023); *Frein v. U.S. Congress*, Case No. 23-cv-332, Docket Item 6 (W.D.N.Y. June 5, 2023); *Frein v. California Governor*, Case No. 23-cv-360, Docket Item 5 (W.D.N.Y. June 6, 2023); *Frein v. Erie Cnty. Med. Ctr.*, Case No. 23-cv-431, Docket Item 5 (W.D.N.Y. June 6, 2023).

In the meantime, Frein filed three other actions and moved to proceed IFP in each. *Frein v. Erie Cnty. Crisis Servs.*, Case No. 23-cv-432, Docket Items 1 and 2 (W.D.N.Y. May 15, 2023); *Frein v. Orange Cnty. Cal. Sheriff Dep't* ("*Orange County*"), Case No. 23-cv-435, Docket Items 1 and 2 (W.D.N.Y. May 16, 2023); *Frein v. Los Angeles Cal. Police Dep't* ("*LAPD*"), Case No. 23-cv-436, Docket Items 1 and 2 (W.D.N.Y. May 16, 2023). And in one of those cases, Frein moved to "submit evidence." *Orange County*, Case No. 23-cv-435, Docket Item 3 (W.D.N.Y. Oct. 23,

---

[1] The term "frivolous" is a legal term of art with a precise meaning. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Lawrence v. Hartford Police Dep't*, 2017 WL 6380644, *1 (D. Conn. July 14, 2017) (explaining that the Court's use of the term "frivolous" was not meant "to diminish what the plaintiff ha[d] experienced or its impact upon her").

2023).  Because Frein meets the statutory requirements of 28 U.S.C. § 1915(a), the

Court grants his motions to proceed *in forma pauperis* in each of those three cases.

Therefore, under 28 U.S.C. § 1915(e)(2), the Court screens those three complaints.

For the following reasons, Frein's complaints are dismissed and his motion to

submit evidence is denied.  And because Frein has not provided good cause why he

should not be enjoined from commencing new actions without paying the filings fees or

obtaining permission from this Court to proceed IFP, the Court imposes that injunction.

## BACKGROUND

This Court already has screened ten and dismissed eleven of Frein's actions.[2]

*See Obama*, Case No. 23-cv-331, Docket Item 3.  Those eleven actions, while brought

against different defendants, asserted similar claims.  As this Court previously noted,

> it seems that [Frein] believes that an "insurrectionist" group of government
> officials based in California has been targeting him for decades.  According
> to Frein, that group has attempted to murder him, illegally surveilled him,
> burgled his mother's home to steal his intellectual property, and attacked
> him with lasers.  And Frein believes that the [various] defendants are either
> part of the insurrectionist group or have an obligation to protect him from
> the group.

*Id.* at 8-9 (footnotes omitted).  The Court dismissed those cases as failing to state any

plausible claim and, as noted above, ordered Frein to show cause why an injunction

should not preclude him from filing additional actions without the Court's permission.

---

[2] Frein paid the filing fee in one case that was dismissed.  *See Frein v. Pelosi*,
2022 WL 1115455 (W.D.N.Y. Apr. 14, 2022) (dismissing *sua sponte* Frein's complaint
against former Speaker of the House of Representatives Nancy Pelosi).

Frein's three new complaints are more of the same.  *See generally Erie Cnty. Crisis Servs.*, Case No. 23-cv-432, Docket Item 1; *Orange County*, Case No. 23-cv-435, Docket Item 1; *LAPD*, Case No. 23-cv-436, Docket Item 1.

## DISCUSSION

### I.      SCREENING THE COMPLAINTS

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d

Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim.  *See id.* (concluding that district court properly dismissed *pro se* complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*).  And even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Like his eleven earlier complaints, Frein's three new complaints focus on a purported "insurrection" among California and Buffalo law enforcement officials and include allegations that various individuals committed burglary against Frein and his mother, attempted to murder Frein, and "poisoned" Frein with "chemical weapons" and "radiation."  *Erie Cnty. Crisis Servs.*, Case No. 23-cv-432, Docket Item 1 at 4-5; *Orange County*, Case No. 23-cv-435, Docket Item 1 at 4-5; *LAPD*, Case No. 23-cv-436, Docket

Item 1 at 4-5.  Like Frein's previous allegations, those allegations are "frivolous" as that term has been defined by the courts. *See Obama*, Case No. 23-cv-331, Docket Item 3 at 10-12 (collecting cases in which courts dismissed comparable claims as frivolous); *see also* 28 U.S.C. § 1915(e)(2).  The complaints therefore are dismissed without leave to amend because amendment would be "futile."  *See Cuoco*, 222 F.3d at 112.  And Frein's motion "to submit evidence," which contains allegations similar to those in Frein's numerous complaints, *Orange County*, Case No. 23-cv-435, Docket Item 3, is denied as moot.

## II.    PRE-FILING INJUNCTION

This Court previously warned Frein that it intended to impose a pre-filing injunction and gave Frein an opportunity to show cause why such an injunction should not be imposed.  *Obama*, Case No. 23-cv-331, Docket Item 3 at 12-13.  Frein filed several responses to that order.  *Brown*, Case No. 23-cv-284, Docket Item 5; *Obama*, Case No. 23-cv-331, Docket Items 5 and 6; *U.S. Congress*, Case No. 23-cv-332, Docket Item 6; *California Governor*, Case No. 23-cv-360, Docket Item 5; *Erie Cnty. Med. Ctr.*, Case No. 23-cv-431, Docket Item 5.

In those responses, Frein asserts that "[n]one of [his] case[s] are born of hatred or malicious intentions."  *See, e.g.*, *Brown*, Case No. 23-cv-284, Docket Item 5 at 2.  To be clear, this Court does not believe that Frein has acted maliciously in filing the complaints.  Indeed, the Court has no reason to believe that Frein is mean spirited or insincere in any way.

Nonetheless, the allegations that Frein repeatedly makes against a variety of defendants do not state plausible claims and are "frivolous" as the law defines that term.

*See supra* at 5-6; *see also Obama*, Case No. 23-cv-331, Docket Item 3 at 10-12.   In fact, Frein's responses to the order to show cause include the same sort of implausible allegations made in his complaints.   *See generally Brown*, Case No. 23-cv-284, Docket Item 5; *Obama*, Case No. 23-cv-331, Docket Items 5 and 6; *U.S. Congress*, Case No. 23-cv-332, Docket Item 6; *California Governor*, Case No. 23-cv-360, Docket Item 5; *Erie Cnty. Med. Ctr.*, Case No. 23-cv-431, Docket Item 5.   What is more, as this Court noted previously, Frein's complaints are duplicative and have "resulted in an unnecessary burden on this Court," and the Court "cannot conceive of a lesser sanction that would be adequate."   *Obama*, Case No. 23-cv-331, Docket Item 3 at 12-13.

In short, nothing Frein has submitted changes this Court's analysis that a pre-filing injunction is warranted here.   Accordingly, for a period of one year, Frein is barred from commencing new actions in this Western District of New York unless he pays the filing fees or obtains permission from this Court to proceed IFP.   At the conclusion of the one-year period, the Court will decide whether to extend the filing injunction after giving Frein notice and another opportunity to be heard.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Frein's motions to proceed *in forma pauperis*, *Erie Cnty. Crisis Servs.*, Case No. 23-cv-432, Docket Item 2; *Orange County*, Case No. 23-cv-435, Docket Item 2; *LAPD*, Case No. 23-cv-436, Docket Item 2, are GRANTED; and it is further

ORDERED that Frein's complaints, *Erie Cnty. Crisis Servs.*, Case No. 23-cv-432, Docket Item 1; *Orange County*, Case No. 23-cv-435, Docket Item 1; *LAPD*, Case No.

23-cv-436, Docket Item 1, are dismissed and the Clerk of the Court shall close those cases; and it is further

ORDERED that Frein's motion to submit evidence, *Orange County*, Case No. 23-cv-435, Docket Item 3, is DENIED as moot; and it is further

ORDERED that for a period of one year, Frein is barred from commencing new actions in the Western District of New York unless he pays the filing fees or obtains permission from this Court to proceed *in forma pauperis*; and it is further

ORDERED that if Frein wishes to commence an action *in forma pauperis*, he shall file, along with a complaint and a motion to proceed *in forma pauperis*, a separate Request for Permission Pursuant to Court Order to File New Action and a copy of this order; and it is further

ORDERED that this prohibition against the filing of any future actions in this District without paying the filing fees or obtaining permission to proceed *in forma pauperis* applies to new actions of any kind, including those transferred to this District from another court, and if the transferred action would not have been filed here under the conditions set forth in this order, it shall be subject to a summary order of dismissal after preliminary review by the Court; and it is further

ORDERED that this Court hereby certifies that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   December 15, 2023
         Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE